## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Derrick** through and with his next friend and mother **Tina, Walter** through and with his next friend and mother **Janeva, Thomas** through and with his next friend and mother **Michelle** and **Sean** through and with his next friend and mother **Andrea** and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br><br>**Glen Mills Schools, Theresa D. Miller, Secretary of the Pennsylvania Department of Human Service** in her individual capacity, **Theodore Dallas, former Secretary of the Department of Human Services**, in his individual capacity, **Cathy Utz, Deputy Secretary of the Office of Children, Youth, and Families,** in her individual capacity, **Pedro A. Rivera, Secretary of Education of the Pennsylvania Department of Education**, in his individual capacity, **Pennsylvania Department of Education, Chester County Intermediate Unit, Randy Ireson, former Executive Director of Glen Mills Schools, Andre Walker, Robert Taylor, Sean Doe, Chris Doe 1, Chris Doe 2, John Does 1-20**<br>                              Defendants. | **CLASS ACTION COMPLAINT**<br><br>**NO. 2:19-cv-01541-HB** |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, ROBERT TAYLOR, TO DISMISS PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM AND TO SEVER ALL CLAIMS

### I.     INTRODUCTION

Plaintiffs initiated this action by Complaint on April 11, 2019.  The Plaintiffs are four individuals, together with their parents or guardians, and a putative class of former students of co-defendant, Glen Mills Schools ("Glen Mills").  The Complaint alleges systemic educational, physical, and psychological abuse of Plaintiffs by Glen Mills and its employees, which was enabled by its regulators.

4852-4164-1884

Plaintiffs' Complaint asserts eighteen (18) separate counts over five-hundred and six (506) paragraphs against thirteen (13) named Defendants, as well as potentially twenty-three (23) Doe Defendants.  However, Walter's claims against Taylor are discrete and arise out of a single alleged incident.  Specifically, paragraph 134 of the Complaint asserts that while fleeing campus with another student on May 3, 2018, Taylor dragged Walter through a thornbush causing him to sustain a long laceration to his back and upon returning to campus Taylor "violently assaulted Walter while two other supervisors stood by and watched, threatening Walter not to fight back." See a true and correct copy of Plaintiffs' Complaint attached hereto as Exhibit "A".

Plaintiff, Walter, alleges two (2) counts against Taylor based upon the following theories: Use excessive force via 42 U.S.C. § 1983; and state common law assault and battery.  See Exhibit "A" at Count Fourteen and Fifteen, ¶¶ 480-489.  Those counts claim identical operative facts and aver in relevant part that Taylor "slapped him [Walter], threw him against a fridge, choked him, dragged him through the bushes, and assaulted him after he tried to run away from the abuse." See Exhibit "A" at ¶¶ 482 and 487.

At the time of the alleged May 3, 2018 incident, Walter had already been adjudicated delinquent and as part of his sentence he had been placed at Glen Mills. See Exhibit "A" at ¶ 19.

## II.    ARGUMENT

### A.    Plaintiff Walter's Fourteenth Amendment Claims Against Defendant Should be Dismissed

#### 1. Legal Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim where the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).  The purpose of a Motion to Dismiss under Rule 12(b)(6) is to eliminate baseless claims and to streamline litigation by dispensing with allegations that will result in needless

discovery.  See  Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007).  When considering a motion to dismiss under Rule 12(b)(6), courts must first accept all well pled factual allegations in the complaint as true.  See DiBattista v. Buckalew, Frizell & Crevina, LLP, 2014 U.S. App. LEXIS 13823 (3d Cir July 21, 2014); see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993).

Thus, a plaintiff's obligation to provide the grounds for its entitlement to relief requires more than "labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555) (2007).  "Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of further factual enhancement."  Id.  In particular, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  Twombly, 550 U.S. at 564.  Thus, the assumption of truth is inapplicable to legal conclusions couched as factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 56 U.S. at 678.

Rather, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  A claim has "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 677-78.

### 2. The Fourteenth Amendment is Inapplicable to Plaintiff Walter's Claims Against Defendant

Pursuant to 42 U.S.C. § 1983, Plaintiff, Walter alleges under Count Fourteen of the Complaint that Defendant violated his Fourteenth and Eighth Amendment rights during the May 3, 2018 incident at issue.  Because Walter, as part of his sentence, had been placed into the

4852-4164-1884

custody of Glen Mills, the Fourteenth Amendment is not applicable to his claims against Defendant.

The scope of a person's right to be free from punishment or excessive force under 42 U.S.C.S. § 1983 hinges on their status within the criminal justice system. On one end of the continuum are those that have been sentenced, such as Walter. The Eighth Amendment "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Whitley v. Albers, 475 U.S. 312, 318, 106 S.Ct. 1078, 1083-1084, 89 L.Ed.2d 251, 260 (1986). The Eighth Amendment protects these individuals, i.e., those that have been sentenced, from the infliction of cruel and unusual punishment.

On the other end of the spectrum, "the Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S. at 395 n.10, 109 S. Ct. at 1871 n.10, 104 L. Ed. 2d 455 n.10. (1986). Pretrial detainees, by contrast, have not been convicted or sentenced and thus are not yet "punishable" under the law. As such, pretrial detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

In this case, the Complaint admits that Walter stands on the post-sentencing end of the spectrum. See Exhibit "A" at ¶ 19. Accordingly, the claim that he was dragged through a thornbush and beaten by Defendant is viable only under the Eighth Amendment. To hold otherwise, would misapply settled law and create the potential for a duplicative right of recovery.

**B.     Severance of All Claims Against Taylor is Proper**

Federal Rules of Civil Procedure 21 and 42 govern motions to sever. Rule 21 provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Rule 42 directs:

4

4852-4164-1884

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

The decision to sever a party or a claim is within the broad discretion of the district court. Indeed, the court "has virtually unfettered discretion in determining whether or not severance is appropriate." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 456 (M.D. Pa. 2003); *see also Freedom Int'l Trucks v. Eagle Enters.*, 1998 U.S. Dist. LEXIS 15507, at *2 (E.D. Pa. Oct. 5, 1998); *Kimmel v. Cavalry Portfolio Servs., LLC*, 747 F. Supp. 2d 427, 434 (E.D. Pa. 2010) ("District courts are given broad discretion when deciding whether to sever a case pursuant to Rule 21 or 42(b).") (citation omitted). Rule 42 provides for separate discovery proceedings and trials to promote judicial economy and avoid substantial prejudice. *Johnson v. King Media, Inc.*, 2002 U.S. Dist. LEXIS 11332 (E.D.Pa. 2002).

When deciding whether to sever claims, the Court is required to balance "the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." *Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352, 355 (E.D. Pa. 2000). In undertaking that analysis, Courts look at the following factors: (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting the severance will be prejudiced if it is not granted. *Id.* Furthermore, there is clearly established precedent in this district to permit bifurcation or severance of discrete constitutional torts against individual defendants from claims

5

of systematic violations of civil rights, such as a *Monell* claim. *Ashbury v. Connelly*, 53 Fed. Appx. 655 2002 U.S. App. LEXIS 27381 (3rd Cir. 2002).

Turing to the case at hand, Walter's case against Taylor essentially amounts to an isolated incident of assault and battery, regardless of whether couched under the Eighth Amendment or under state law. The necessary discovery and trial of this matter can be conducted in a matter of months and days, respectively. Accordingly, severance will efficiently vindicate Walker's and Taylor's rights, sparing their discrete case from being dragged in tow behind a *Monell* type class action. Suffice it to say, this class action, as evident from the Complaint, will be a lengthy and complex undertaking. What's more, counsel recently participated in a conference call during which they discussed, among other things, the issue of consolidating this case with two (2) other class action raising similar claims against Glen Mills. Clearly, Walter's claims against Taylor cry out for severance from this class action.

## CONCLUSION

Defendant respectfully requests that this Honorable Court grant this Motion and Dismiss Plaintiff Walter's Fourteenth Amendment Claims, and sever all claims against Defendant Robert Taylor from the proposed class-action for purposes of discovery and trial.

Respectfully submitted,

/s/ *Gary M. Samms, Esquire*
Gary M. Samms, Esquire
Edvard L. Wilson, Esquire
Attorney I.D. Nos. 58096/86760
OBERMAYER REBMANN MAXWELL
   & HIPPEL LLP
1500 Market Street
Centre Square West, Suite 3400
Philadelphia, PA 19102
P: 215-665-3000

4852-4164-1884

F: 215-665-3165
Email: gary.samms@obermayer.com;
edvard.wilson@obermayer.com


Date:  July 15, 2019

4852-4164-1884

## CERTIFICATE OF CONCURRENCE OR NON-CONCURRENCE

Pursuant to Local Rule 7.1 and section 1.1 of this Court's Standard Practice Order, I, Edvard L. Wilson , hereby certify that I sought concurrence from counsel for all defendants to sever all claims against Defendant Robert Taylor from this action.  Defendant Robert Taylor concurs with the relief requested.  As of the filing of this Motion, I have not received responses from counsel for the remaining defendants.

/s/ Edvard L. Wilson
Edvard L. Wilson

Date:  July 15 2019

4852-4164-1884