IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DERRICK, et al.                  :        CIVIL ACTION
                                 :
     v.                          :
                                 :
GLEN MILLS SCHOOLS, et al.       :        NO. 19-1541
```

MEMORANDUM

Bartle, J.                                    February 17, 2023

      Derrick, through and with his mother Tina, Walter through and with his mother Janeva, and Thomas through and with his mother Michele[1] have brought this putative class action against defendants the Glen Mills Schools ("Glen Mills"), the Chester County Intermediate Unit ("CCIU"), the Pennsylvania Department of Education, various Commonwealth of Pennsylvania officials and other individuals.  In their 149 page complaint, plaintiffs assert eighteen counts alleging violations of their constitutional and federal and state statutory rights. Specifically, they claim that they and the putative class members following adjudications of delinquency were placed at Glen Mills Schools, suffered disability discrimination, infliction of physical and other harm, and were deprived of an

---

1.   Sean through and with his mother Andrea were also named in the complaint as plaintiffs.  On October 21, 2020, a Stipulation was filed with the court dismissing them as named plaintiffs but retaining Sean as a member of the putative class.

education to which they were entitled.  There has been extensive motion practice and several years of discovery in this far-reaching and complex action.  At this point, no class has been certified.

The named plaintiffs and the defendant CCIU have now reached a settlement and have filed an Amended Joint Motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure to dismiss with prejudice plaintiffs' claims against CCIU and CCIU's crossclaim against defendant Glen Mills Schools.  Rule 41(a)(2) reads in relevant part:

> Except as provided in Rule 41(a)(1) [which is not applicable here], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

The plaintiffs and CCIU have signed a written settlement agreement which is appended to their motion.  CCIU will create an "Education Fund for the Benefit of Former Glen Mills Students" and allocate $1,350,000 for this purpose.  Those former students who meet certain criteria are eligible to receive these funds for educational purposes.  CCIU will also allocate an additional $1,350,000 for an Education Damages Fund for former students in the amount of up to $250 for each documented school day of placement at Glen Mills.  Each identified former student at Glen Mills will be sent claim forms for both funds at their last known addresses.  The named

plaintiffs are deemed eligible automatically to receive Compensatory Education Program Funds and a settlement share of the Educational Damages Fund.  CCIU will pay plaintiffs' attorneys fees in the amount of $300,000.

The Pennsylvania Department of Education and the Pennsylvania officials take no position on the pending motion. While no party has filed an opposition to the settlement,[2] defendants Glen Mills Schools and Randy Ireson have objected to the "mechanism by which [plaintiffs and CCIU] propose to voluntarily dismiss their claims and crossclaims pursuant to Fed. R. Civ. P. 41(a)(2)."  These defendants argue that the settling parties are improperly circumventing the requirement of Rule 23(e) relating to class action settlements.  That rule specifically provides:

> The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval.

Rule 23(e)(2) states:

> If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate . . .

---

2.  Defendant Andre Walker has submitted a Memorandum "to clarify the misrepresentations made by plaintiffs' counsel in their filings."  It is not relevant to the merits or mechanism of the pending motion.

The present wording of Rule 23(e), which has been in effect since 2018, is clear.  It requires a settlement to be approved by the court only where a class has been certified or where a class is proposed to be certified for purposes of settlement.  Here, no class has been certified or proposed to be certified for settlement purposes.  The settlement does not purport to bind anyone other than the named plaintiffs and the CCIU.  While the settlement agreement offers benefits to non-party former Glen Mills students, these individuals are under no obligation to apply for or accept them.  The dismissal sought by the plaintiffs and CCIU will not affect one way or the other any motion to certify a class of former students against other defendants.  Those former students will not be prejudiced as a result of the dismissal of CCIU.  They will still be able to sue it.  Since a putative class action was filed against CCIU, the statute of limitations has been tolled as to CCIU while it remains a party.  See Am. Pipe & Const. Co. v. Utah, 414 U.S. 538, 554 (1974).

Glen Mills cites some older decisions when the language of Rule 23(e) read quite differently.  In those days it was unclear if settlements and dismissals had to be approved by the court under Rule 23 when a suit had been brought as a class

action but no class had yet been certified.[3]  See, e.g., Kohan v. Rocenstiel, 424 F.2d 161, 169 (3d Cir. 1970); Phillips v. Allegheny Cty., 869 F.2d 234, 237 (3d Cir. 1989); In Re Nazi Era Cases Against German Defendants Litig., 198 F.R.D. 429, 438-39 (D.N.J. 2000).  The current Rule 23(e), as noted above, has resolved any ambiguity and has made those earlier cases inapposite.  See Joseph McLaughlin, 2 McLaughlin on Class Actions § 6:1 (18th ed. 2022).  Rule 23(e) as now written simply does not apply to the proposed settlement here because no class has been certified and no settlement class is proposed.

That leaves Rule 41(a)(2).  The court may approve any dismissal on terms it considers proper.  If the plaintiffs' claims against CCIU are dismissed, CCIU in accordance with the settlement agreement will provide educational and other monetary benefits to the named plaintiffs.  The settlement agreement will also make available similar benefits to other former Glen Mills

---

3.  The 2003 amendment to Rule 23(e) "resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.'  That language could be--and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims.  The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."  Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment (citation omitted).  In 2018, the Rule was further amended "to make explicit that its procedural requirement apply in instances in which the court has not certified a class at the time that a proposed settlement is presented to the court."  Fed. R. Civ. P. 23 advisory committee's note to 2009 amendment.

students who wish but are not required to take advantage of them.  In addition, CCIU's crossclaim against Glen Mills Schools will be dismissed.

Our Court of Appeals has explained that a motion for a voluntary dismissal should be granted unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit.  See In Re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990).  The grant of the pending motion of which CCIU is a joint movant will not prejudice CCIU or any other defendant and will not bind anyone not a signatory to the settlement.  The court finds that dismissal under Rule 41(a)(2) will be proper under the terms presented.